<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4168**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHANNON D. ASHWORTH,

        Defendant - Appellant.

---

**No. 16-4199**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASON A. TOMSHA,

        Defendant - Appellant.

---

**No. 16-4230**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES M. DAY,

             Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:15-cr-00221-TMC-4; 8:15-cr-00221-TMC-14, 8:15-cr-00221-TMC-17)

Submitted: August 25, 2016         Decided: August 29, 2016

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina; Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina; Derek J. Enderlin, ROSS AND ENDERLIN, PA, Greenville, South Carolina, for Appellants. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Shannon D. Ashworth, Jason A. Tomsha, and James M. Day ("Appellants") appeal their convictions and sentences for conspiracy to defraud the Government, in violation of 18 U.S.C. § 371 (2012). On appeal, counsel for Appellants filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the reasonableness of their sentences. The Government has moved to dismiss the appeals as barred by the appellate waivers contained in the Appellants' written plea agreements.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Appellants

knowingly and voluntarily waived the right to appeal their convictions and sentences. The sentencing claims raised on appeal clearly fall within the scope of this broad waiver. Therefore, we grant the motion to dismiss and dismiss Appellants' appeals. We have reviewed the entire record in accordance with <u>Anders</u> and have found no meritorious issues for appeal outside the scope of the waiver.

This court requires that counsel inform each Appellant, in writing, of the right to petition the Supreme Court of the United States for further review. If any of the Appellants requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the Appellants.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

4